OPINION
{¶ 1} Defendant-appellant, Lloyd A. Warren, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a jury verdict finding him guilty of one count of felonious assault and one count of abduction. Because appellant's convictions were not against the manifest weight of the evidence, we affirm that judgment.
 {¶ 2} In the early morning hours of April 23, 2003, Selena Cooper was walking on Lechner Avenue in Columbus, Ohio, when appellant approached her and asked her for money. After Ms. Cooper refused, appellant asked her to have sex. When Ms. Cooper refused that request, appellant grabbed her shirt. Ms. Cooper ran away from appellant, but he chased her down, grabbed her again and began to hit her with a wooden board. After appellant allegedly sexually assaulted Ms. Cooper, she ran away from him to a house at 213 Lechner Avenue. No one from that house would help Ms. Cooper, so she ran to a friend's house at 218 Lechner Avenue. She wedged herself between the house's screen door and front door as she yelled for help. Appellant followed her to the house and again beat her with the wooden board. Hearing the commotion, a resident of the house opened the door and let Ms. Cooper in. Appellant left the porch, walked across the street and sat down on the porch at 213 Lechner Avenue. Shortly thereafter, the police arrived and arrested appellant, who was still in the area.
 {¶ 3} Appellant was charged with two counts of rape in violation of R.C. 2907.02, one count of kidnapping in violation of R.C. 2905.01, and one count of felonious assault in violation of R.C. 2903.11. Appellant entered not guilty pleas to the charges and proceeded to a jury trial. The jury found appellant not guilty of the two counts of rape but guilty of one count of felonious assault and one count of abduction, a lesser included offense of kidnapping. The trial court sentenced appellant accordingly.
 {¶ 4} Appellant appeals, assigning the following error:
The trial court erred and deprived appellant of due process of law as guaranteed by the fourteenth amendment to the United States Constitution and article one section ten of the ohio constitution by finding appellant guilty of abduction and felonious assault as those verdicts were against the manifest weight of the evidence.
 {¶ 5} In his assignment of error, appellant contends that his convictions are against the manifest weight of the evidence. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Id.
 {¶ 6} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston,
Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 7} Appellant was convicted of felonious assault in violation of R.C. 2903.11, which prohibits any person from knowingly causing serious physical harm to another or causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance. He was also convicted of abduction in violation of R.C. 2905.02, which prohibits any person, without privilege, from knowingly removing another person from a place or restraining the liberty of another, by force or threat, under circumstances which create a risk of physical harm to the victim or places the other person in fear.
 {¶ 8} Appellant contends that his convictions were against the manifest weight of the evidence because Ms. Cooper's testimony was not credible, as she previously told a detective different versions of the morning's events. We disagree. The determination of weight and credibility of the evidence is for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. The jury was free to believe or disbelieve Ms. Cooper's testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973. Ms. Cooper's testimony about what happened on the morning of April 23 did differ in some respects from the versions of those events she previously told a detective. Nevertheless, Ms. Cooper consistently alleged that appellant grabbed and restrained her, beat her with a board, and inserted objects into her vagina and anus. The jury obviously believed at least part of her testimony, as it convicted appellant of felonious assault and abduction. This was within the province of the jury, and we cannot say that the jury clearly lost its way in making this determination.
 {¶ 9} In addition, there is other testimony which supports the jury's verdicts. Shar-Day Tobin was staying at a friend's house at 218 Lechner Avenue the day Ms. Cooper was assaulted. She testified that she was sleeping when she heard someone knocking on the door. When she awoke, she looked onto the porch and saw a woman laying on the ground and a man hitting her with a stick. Her friend opened the door and let the woman, Ms. Cooper, into the house. Ms. Tobin then watched appellant walk across the street to 213 Lechner Avenue, sit down on the porch and set the stick down next to him. A detective from the Columbus Police Department's Crime Scene Search Unit found a piece of wood at 213 Lechner Avenue that both Ms. Tobin and Ms. Cooper identified as the piece of wood that appellant used to beat Ms. Cooper. Further, Cheryl Minke, a registered nurse who examined Ms. Cooper, testified that she had bruising, scratches and abrasions on her right arm and wrist and her lower back and abdominal area. Ms. Cooper testified that she was in the hospital for a day and a half, was in a lot of pain for a week after the assault, and still had a bruise on her right arm at the time of appellant's trial, three months after the assault.
 {¶ 10} In light of this evidence, we cannot say that the jury clearly lost its way when it convicted appellant of felonious assault and abduction. Appellant's convictions are not against the manifest weight of the evidence. Therefore, his assignment of error is overruled.
 {¶ 11} In conclusion, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and Sadler, JJ., concur.